# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

November 14, 2017

Keli Liu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: kliu@hanglaw.com

**VIA ECF**
Hon. Andrew J. Peck
United States Magistrate Judge
500 Pearl Street
New York, NY 10007-1312

     Re: Xue Ming Wang v. 1 Chimi Sushi Inc., et al.
        Case No. 1:15-cv-09860-AJP

Dear Judge Peck:

  Plaintiff Xue Ming Wang ("Plaintiff", or "Plaintiff Wang") and Defendants Abumi Sushi and Qing Zhong Li (collectively, "Defendants") respectfully request that this Court approves the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

### Settlement Amount

  Both parties believe that the settlement amount is fair and reasonable. This action was originally brought against Defendants Abumi Sushi Inc, Qing Zhong Li and Cheng Chao Zhao[1] by Plaintiff Wang for alleged unpaid minimum wages, overtime premiums, reimbursement for expenses relating to tools of the trade, spread of hours pay, failure to give a wage notice at time of hire, failure to provide paystubs, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL"). Plaintiff amended his complaint to add Defendants 1 Chimi Inc. and Liang Zhang[2].

  Plaintiff Wang alleged that he was formerly worked as a delivery worker at the restaurant Abumi from December 10, 2013 to December 15, 2015. Throughout his employment, the restaurant was first owned by 1 Chimi Inc. and Liang Zhang and then was transferred to Defendants Abumi Sushi Inc, Qing Zhong Li in June 2015. He alleges that Abumi Sushi Inc, Qing Zhong Li are successor in interest to 1 Chimi Inc. and Liang Zhang and should be jointly

---

[1] Defendant Zhao never appeared and the case proceeded between the Plaintiff and the appearing Defendants Abumi Sushi Inc. and Qing Zhong Li.
[2] The claims against 1 Chimi Inc. and Liang Zhang were ultimately dropped for unable to effectuate service. ECF. No. 23.

1

and severable liable. The parties engaged in cross motion for summary judgement on the single issue of successor liability. The Honorable Gregory H. Woods found that Defendants Abumi Sushi Inc. and Qing Zhong Li should only be liable for alleged wage and hour violations occurred after their purchase and limited Plaintiff's claims to only the period after June 2015. ECF. No.84. During the relevant period, Plaintiff claims that he worked seventy-one (71) hours per week and was paid a fixed monthly salary of $1,000, regardless of hours he worked. Plaintiff also alleges that Defendants failed their record keeping obligation as the employer, failed to provide him with proper wage statements for each of his wage payment and a proper wage notice upon Defendants' takeover of the restaurant.

If Plaintiff Wang were to prevail on all of his claims, his unpaid wages and reimbursements of tools of trade, exclusive of liquidated damages, would total approximately $17,754.70. Plaintiff is confident that he will be able to prove his allegations through witness testimonies and documentary evidence.

On the other hand, Defendants deny all of Plaintiff's allegations in their Answer, including the alleged hours worked. Defendants maintain that Plaintiff was properly compensated the minimum and overtime hourly wages under the FLSA and the NYLL, properly compensated the spread of hours under the NYLL. Further, Defendants deny all allegations regarding alleged requirements of Plaintiff to purchase his own "tools of the trade."

If Defendants were to prevail on all of their defenses Plaintiff would only be entitled to a fraction of the amount set forth in Plaintiff's damages calculations.

Additionally, Defendants are currently heavily in debt. Even if Plaintiff was to prevail on the matter, Plaintiff's ability to collect on any judgment would be severely limited by the existing debt of the Defendants. Defendants' ability to pay and collectability are factors which make this settlement reasonable.

The gross settlement amount is $17,000, inclusive of Plaintiff's counsel's attorneys' fees and costs of $6,928.8 and settlement payment to Plaintiff of $10,071.2. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid overtime wages, reimbursement for expenses relating to tools of the trade, spread of hours pay, failure to give a wage notice at time of hire, failure to provide paystubs, and this amount considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and the parties agree that the settlement is fair and reasonable.

**Attorney's Fees**

Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $1,893.2 in filing fees, deposition and translation costs, and retain 1/3 of the remaining settlement in the amount of $5,035.6 as attorneys' fees. Based on the experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that

a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).  This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).  Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

      Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on the hourly rate of its individual attorneys. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable. The associates' hourly rate is $275 per hour.  This case settled on the eve of trial after almost two years of litigation.  Prior to settling Hang & Associates spent considerable time litigating this case.  Specifically, by the time this case settled, all discovery had been conducted and was completed, several court conferences were attended, a joint pre-trial order was worked out and filed, and extensive pre-trial preparation took place.  Had Hang & Associates billed hourly they would have received far more than the $5,035.6 they are receiving in this settlement.

      Counsel for Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

                           Respectfully submitted,

                           */s/Keli Liu*
                           Keli Liu, Esq.